UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Michael Angelo Riddick, # 306802, | ) | C/A No. 8:05-2182-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Sheriff Leon Lott; and Cpl. Howard Austin, | ) | |
| Richland County Sheriff Offices, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 alleging that he was injured in the course of his arrest by the Richland County Sheriff's Office.  Plaintiff is an inmate of the South Carolina Department of Corrections ("SCDC") currently confined at Broad River Correctional Institution. Plaintiff entered a guilty plea in 2004 in State Court to charges of assaulting a police officer while resisting arrest and threatening a public official and was sentenced to three years in prison.  The record before this Court does not reflect that Plaintiff has filed a direct appeal of his conviction or an application for post-conviction relief (PCR).

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter was referred to United States Magistrate Judge Bruce H. Hendricks for pretrial handling.  On August 5, 2005,  the Magistrate Judge filed an Order directing the Plaintiff to answer Special Interrogatories on the issue of the factual connection, if any, between the manner of Plaintiff's arrest and his ultimate conviction.  The Plaintiff's responses, filed August 12, 2005, acknowledged that he was indicted and entered guilty pleas to charges of assaulting a police officer while resisting arrest and threatening a public official.  Plaintiff also stated that he "informed [his] attorney but she never prepared a defense concerning the alleged

1

assault on the officer nor resisting arrest charges . . ."

Based on her review of the record, the Magistrate Judge concluded that the case should be dismissed *without prejudice* because until Plaintiff's conviction has first been vacated or expunged by other means, any civil rights action based on the conviction, sentence, and related matters will be barred based upon Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff filed objections on September 20, 2005.

The Magistrate Judge makes only a recommendation to the Court, to which any party may file written objections. The Court is not bound by the recommendation of the Magistrate Judge but, instead, retains responsibility for the final determination. Mathews v. Weber, 423 U.S. 261 (1976). The court is required to make a *de novo* determination of those portions of the Report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

Plaintiff contends in his objections that he is not challenging his conviction or arrest but rather that he is filing this action on the grounds of police brutality during his arrest. He also contends that he was subjected to "cruel and unusual conduct, the use of unnecessary force, and violation of the Eighth Amendment . . ."

The Court has reviewed the defendant's objections and finds the Magistrate correctly found that the case is controlled by the United States Supreme Court case of Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus... Id. at 486-487.

The Supreme Court in Heck further held that if the prisoner's claim would "necessarily imply" the invalidity of the prisoner's conviction or sentence, the district court should dismiss the §1983 case unless the plaintiff can demonstrate that the conviction or sentence is already invalidated. Id. at 487. In this case, such a showing has not been made. This Court finds that the Magistrate Judge properly found that the plaintiff filed this Section 1983 claim prematurely. Accordingly, the Court finds the plaintiff's objections lack merit and they are hereby overruled.

For the reasons stated above and after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation of Magistrate Judge Hendricks and incorporates it herein. It is therefore

**ORDERED** that this case be **DISMISSED** *without prejudice* and without issuance or service of process.

**IT IS SO ORDERED.**

November 17, 2005                              s/ R. Bryan Harwell
                                               R. Bryan Harwell
                                               United States District Judge

3